IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Stanley Allison, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 4:11-131-TMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), filed on November 9, 2011. (Dkt. # 16).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

**Procedural Background**

Plaintiff filed an application for DIB and SSI on February 12, 2008, with an alleged disability onset date of November 15, 2007. His application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on December 11, 2009, and on March 25, 2010, the ALJ denied Plaintiff benefits. Plaintiff sought review of his case by the Appeals Council which was denied. Plaintiff filed this action on January 18, 2011.

The Magistrate Judge to whom this matter was referred filed a Report and Recommendation on November 9, 2011, in which he recommended that the Commissioner's decision be affirmed. Plaintiff filed objections to the Report on November 15, 2011. (Dkt. # 18). The Commissioner filed a response to those objections on November 23, 2011. (Dkt. # 19). This matter is now ripe for review. In his Report, the Magistrate Judge sets forth the relevant facts and legal standards which are incorporated herein by reference.

## Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279

(4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

An individual is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1).  Plaintiff argues that specific objective testing and substantial evidence in the record calls for a finding of disability.  (Objections at 2). Plaintiff refers to an MRI performed on January 9, 2008, a bone scan performed on February 26, 2009, and an EMG performed on June 28, 2006. Plaintiff states "while there may be some conflicting evidence, the <u>overwhelming objective testing</u> shows the Plaintiff with degenerative disease to such a severity that Dr. Van Pelt found the Plaintiff's subjective complaints fully supported by the objective medical testing."  (Objections at 2)(emphasis in original).

In his Report, the Magistrate Judge set forth the ALJ's specific factual findings in support of his credibility determination.  Specifically, the Magistrate Judge noted that the ALJ considered Plaintiff's medical records, daily activities, medications, and the inconsistencies between Plaintiff's testimony regarding the level of his pain and the medical evidence. (Report 7-8). The Magistrate Judge concluded that substantial evidence supported the ALJ's determination, and the court agrees.  Even were the court to disagree with the ALJ's findings, the court may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the

evidence." *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990).   The court cannot conclude that the ALJ incorrectly resolved the conflicting evidence. After carefully reviewing the record, the court finds that the Magistrate Judge's recommended disposition is correct in this case and that all objections should be overruled. Having conducted the required de novo review of the issues to which the Plaintiff has objected, the Court finds no basis for disturbing the Report.

## Conclusion

After a thorough review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in this case.  The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. Plaintiff's objection is overruled.  For the reasons set out above and in the Report, the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

                                                                    s/Timothy M. Cain
                                                                    United States District Judge

November 30, 2011
Greenville, South Carolina